UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TAMICA SMITH,<br><br>      Plaintiff,<br><br>v.<br><br>PROCOLLECT, INC., and RENT VISION, LLC d/b/a HEBRON TRAILS APARTMENTS,<br><br>      Defendants. | Case No. 3:23-cv-01518 |

## COMPLAINT

**NOW COMES** TAMICA SMITH ("Plaintiff"), by and through the undersigned counsel, complains as to the conduct of PROCOLLECT, INC. ("ProCollect"), and RENT VISION, LLC, doing business as, HEBRON TRAILS APARTMENTS ("Rent Vision" and collectively as "Defendants"), as follows:

## NATURE OF ACTION

1.      Plaintiff brings this action seeking redress for ProCollect's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and Defendants' violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. § 392 *et seq.*, for Defendants' unlawful conduct.

## JURISDICTION AND VENUE

2.      Subject matter jurisdiction is conferred upon this Court by the TCPA, FDCPA, 28 U.S.C. §1331, and §1337 as the action arises under the laws of the United States. This Court has

1

supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367(a).

3. Venue is proper in this court pursuant to 28 U.S.C. §1391(b)(2) as Plaintiff resides in the Northern District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Texas.

## PARTIES

4. Plaintiff is a natural person over 18-years-of-age, residing in Corsicana, Texas.

5. ProCollect is a third-party debt collector advertising as "one of the nation's premier debt collection agencies,"[1] collecting or attempting to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, to others, from consumers across the country, including from those in the state of Texas. ProCollect is a corporation organized and existing under the laws of the state of Texas with its principal place of business located at 12170 Abrams Road, Suite 100, Dallas, Texas 75243.

6. Rent Vision is a property leasing and marketing agency for residential properties available to consumers. Rent Vision is a domestic limited liability company located at 1001 South 70th Street, Suite 201 Lincoln, Nebraska 68510 and has multiple residential complexes in Texas.

7. At all times relevant, Rent Vision had a consensual agency relationship with ProCollect whereby Rent Vision (as the principal) had the right to control and direct the activities of ProCollect, and ProCollect had the authority to act on behalf of Rent Vision. Rent Vision as the principal of ProCollect, is liable for the acts of ProCollect and its agents.

8. Defendants acted through its agents, employees, officers, members, managers, directors, heirs, successors, vendors, assigns, principals, trustees, sureties, subrogees, and vendors.

---

[1] https://procollect.com/ (last visited: June 30, 2023).

**FACTUAL ALLEGATIONS**

9. On August 30, 2022, Plaintiff moved out of Rent Vision's Hebron Trails Apartment complex ("Hebron") with 15 days remaining on her lease. Plaintiff had resided at Hebron for more than 9 years.

10. Hebron advised Plaintiff that she was breaking the lease which resulted in Plaintiff owing a $900 re-letting fee.

11. Shortly thereafter, Hebron's building manager informed Plaintiff that she need not worry about the $900 fee and that Plaintiff was permitted to return her keys and move from Hebron in good standing.

12. Unfortunately, despite Hebron building manager's assurances that Plaintiff would not owe a fee to Rent Vision, Rent Vision generated an alleged debt of $471 ("subject debt") owed by Plaintiff. Plaintiff detrimentally relied on the building manager's promise and did not pay the subject debt.

13. Subsequently thereafter, ProCollect purchased or was assigned the subject debt for collections after it was allegedly in default.

14. In November 2022, Plaintiff started receiving collection calls from ProCollect, including calls from 214-382-4871, in an attempt to collect the subject debt.

15. Upon answering the call, Plaintiff informed ProCollect's representative that she did not owe the debt and instructed them to stop calling.

16. Following the call with ProCollect, Plaintiff attempted to contact Hebron to dispute the subject debt, however, Hebron never returned her call.

17. Despite Plaintiff's request that ProCollect cease its collection calls, ProCollect continued to place collection calls to Plaintiff's cellular phone.

18. On one occasion, Plaintiff answered ProCollect's call attempting to dispute the subject debt an additional time, however, Plaintiff was placed on hold for an extended period and was forced to call back repeatedly in order to dispute the charge and demand ProCollect cease its collection calls.

19. Moreover, following calls that Plaintiff did not answer, ProCollect would leave a prerecorded voicemail message ("robocalls") on Plaintiff's cellular phone stating as follows:

> "This is a personal business alert for Tamica Smith. If you are not Tamica Smith, please hang up at this time. This message contains private information and should not be played in a manner where it can be heard by others. This call is from PCI. Please call 1-800-732-3799."

20. At no point in time did Plaintiff provide ProCollect with her cellular phone number or otherwise consent to ProCollect's calls.

21. ProCollect's unwanted calls and robocalls have invaded Plaintiff's privacy and have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies unwanted robocalls and text messages, increased risk of personal injury resulting from the distraction caused by the robocalls, wear and tear to Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

22. Moreover, each time ProCollect placed a telephone call to Plaintiff's cellular phone, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular phone while her phone was ringing.

23. Due to Rent Vision's misrepresentation of the subject debt not owed by Plaintiff and ProCollect's refusal to honor Plaintiff's request that it cease its invasive collection calls,

Plaintiff was forced to retain counsel to compel Defendants to cease its deceptive and abusive practices.

### COUNT I - VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
(AGAINST PROCOLLECT)

24. Plaintiff restates and realleges paragraphs 1 through 21 as though fully set forth herein.

25. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

26. Defendant, ProCollect, is a "person" as defined by 47 U.S.C. § 153(39).

27. Section 227(b)(1)(A)(iii) of the TCPA prohibits any numerous non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular phone number using an automatic telephone dialing system ("ATDS") *or* an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227(b)(1)(A)(iii).

28. The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

29. Upon information and belief, the system used by ProCollect to place calls to Plaintiff has the capacity to use a random or sequential number generator to determine the order in which to pick phone numbers from a preloaded list of numbers of consumers that are allegedly in default on their payments.

30. Accordingly, the system employed by ProCollect has the capacity – (A) to store or produce telephone numbers to be called; and (B) to dial such numbers.

31. ProCollect violated 47 U.S.C. § 227 (b)(1)(A)(iii) by placing numerous non-emergency calls to Plaintiff's cellular telephone utilizing an ATDS and/or artificial or prerecorded voice without Plaintiff's consent.

32. As pled above, ProCollect used an artificial or prerecorded voice, which automatically played upon the call reaching Plaintiff's voicemail.

33. ProCollect did not have consent to place calls to Plaintiff's cellular phone as Plaintiff never provided ProCollect with her cellular phone or otherwise consented to ProCollect's phone calls.

34. Upon information and belief, ProCollect has no system in place to document whether it has consent to contact consumers on their cellular phones, ProCollect has no policies and procedures in place to honor consumers' requests that collection calls cease, and ProCollect knew its collection practices violated the TCPA yet continued to employ them in order to maximize efficiency and revenue.

35. As a result of ProCollect's violations of 47 U.S.C. §227(b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

36. As a result of ProCollect's knowing and willful violations of 47 U.S.C. §227(b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff, TAMICA SMITH respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare ProCollect's phone calls to Plaintiff to be violations of the TCPA;

b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C);

c. Enjoining ProCollect from further contacting Plaintiff; and

d. Awarding any other relief as this Court deems just and appropriate

### COUNT II - VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
(AGAINST PROCOLLECT)

37. Plaintiff restates and realleges paragraphs 1 through 34 as though fully set forth

6

herein.

38. Plaintiff is a "consumer" as defined by FDCPA § 1692a(3).

39. The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

40. Defendant, ProCollect, is a "debt collector" as defined by § 1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail, the telephones, and credit reporting to collect defaulted accounts allegedly owed to a third party.

41. Moreover, ProCollect is a "debt collector" because it acquired rights to the subject debt after it was allegedly in default. 15 U.S.C. § 1692a(6).

42. ProCollect made numerous telephone calls Plaintiff's cellular phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA § 1692a(2).

43. ProCollect violated 15 U.S.C. § 1692c(a)(1), d, d(5), e, e(2), e(10), f and f(1) through its unlawful debt collection practices.

   a. **Violations of FDCPA § 1692c**

44. Pursuant to §1692c(a)(1) of the FDCPA, a debt collector is prohibited from contacting a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer…" 15 U.S.C. §1692c(a)(1).

45. As set forth above, Plaintiff requested that ProCollect cease its collection calls to her cellular phone.

46. Despite being notified that its collection calls were unwanted, ProCollect made the

7

conscious decision to continue its harassing phone calls, which were clearly inconvenient to Plaintiff.

47. Specifically, due to Plaintiff not wanting any calls from ProCollect, any call placed after the cease request was known by ProCollect to be an inconvenient time for Plaintiff.

48. ProCollect violated § 1692c(a)(1) by placing or causing to be placed numerous collection calls to Plaintiff's cellular phone number at a time ProCollect knew to be inconvenient for Plaintiff.

### b. Violations of FDCPA § 1692d

49. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d

50. Section 1692d(5) of the FDCPA prohibits a debt collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. §1692d(5)

51. ProCollect violated §§ 1692d and d(5) by placing numerous collection calls to Plaintiff's cellular phone number in an attempt to collect the subject debt after being requested to cease the collection calls.

52. ProCollect's conduct in placing frequent unwanted calls to Plaintiff's cellular, phone number including pre-recorded calls, is inherently harassing and abusive.

53. ProCollect collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff as Plaintiff informed ProCollect that she no longer wished to be contacted on her cellular telephone.

54. The fact that ProCollect knowingly placed or caused to be placed robocalls to

Plaintiff after Plaintiff made a request that the calls cease is illustrative of ProCollect's intent to harass and annoy Plaintiff.

55. Pursuant to 15 U.S.C. § 1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of any debt.

   c. **Violations of 1692e**

56. ProCollect violated § 1692e and e(2) when it falsely misrepresented the character, amount, or legal status of the subject debt. After acquiring the rights to the subject debt, ProCollect attempted to collect on a debt not owed by the Plaintiff. Plaintiff moved out of her Hebron apartment with a remaining balance of $0, however, ProCollect made telephone calls to Plaintiff attempting to collect the subject debt. This amount is patently incorrect because at no point did Plaintiff owe Rent Vision after she moved out of her Hebron unit.

57. ProCollect violated § 1692 e(10) by using false, deceptive, and misleading representation in connection to the collection of the subject debt. In order to secure payments of the subject debt, ProCollect falsely misrepresented Plaintiff's legal obligation to pay subject debt despite Plaintiff not owning the subject debt and having no legal obligation to pay.

58. As an experienced debt collector, ProCollect knew or should have known the ramifications of using deceptive and misleading means to attempt to collect debt not owed.

   d. **Violations of FDCPA § 1692f**

59. ProCollect violated § 1692f when it used unfair and unconscionable means to collect the subject debt from Plaintiff. Plaintiff left her unit with a remaining balance of $0 and was assured by Hebron's building manager, representing Rent Vision, that Plaintiff did not owe a fee when exiting her lease on August 30, 2022. Nonetheless, ProCollect still attempted to collect

the subject debt not owed by Plaintiff.

60. ProCollect violated § 1692f(1) because Plaintiff was not liable for the subject debt as was assured by representatives of Rent Vision. Plaintiff was frustrated and confused as to why ProCollect would be collecting on a debt that she did not owe.

61. As an experienced debt collector, ProCollect knew or should have known the ramifications of collecting on a debt not owed at the time it made demands for payment.

62. As pled above, Plaintiff was harmed by ProCollect's conduct.

**WHEREFORE**, Plaintiff TAMICA SMITH, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FDCPA violations, pursuant to 15 U.S.C. § 1692k;

c. Award Plaintiff statutory damages of $1,000.00 for the underlying FDCPA violations, pursuant to 15 U.S.C. § 1692k;

d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FDCPA violations, pursuant to 15 U.S.C. § 1692k;

e. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1692k; and

f. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT III - VIOLATIONS OF THE TEXAS DEBT COLLECTION PRACTICES ACT
(AGAINST DEFENDANTS)

63. Plaintiff restates and realleges paragraphs 1 through 62 as though fully set forth herein.

64. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

65. Rent Vision is a "Creditor" and a "third-party debt collector" as defined by Tex. Fin. Code Ann §§ 392.001(3) and 392.001(7).

66. ProCollect is a "third-party debt collector" as defined by Tex. Fin. Code Ann § 392.001(7).

67. The subject debt is a "debt" and a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a. Violations of TDCA § 392.302

68. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

69. ProCollect violated the TDCA when it called Plaintiff repeatedly despite her request that the calls cease. The repeated calls were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment on the subject debt.

70. Upon being told to stop calling, ProCollect had ample reason to be aware that it should not continue its harassing calling campaign. Yet, ProCollect consciously chose to continue placing systematic calls to Plaintiff's cellular phone knowing that its conduct was unwelcome.

### b. Violations of TDCA § 392.302

71. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a creditor may not use an independent debt collector if the creditor has actual knowledge that the independent debt collector repeatedly or continuously engages in acts or practices that are prohibited by this

chapter".

72. Rent Vision violated the TDCA when it assigned the subject debt to ProCollect to collect from the Plaintiff. Rent Vision should have known that Plaintiff did not owe the subject debt and was made aware that ProCollect was violating the TDCA by deliberately failing to investigate whether Plaintiff owed the subject debt before attempting to collect it.

73. Furthermore, Plaintiff made multiple attempts to dispute the subject debt with Rent Vision's representatives, however, Plaintiff was never offered any assistance and was repeatedly ignored by Rent Vision and its representatives.

74. By deceptively assigning the subject debt to ProCollect, Rent Vision knew ProCollect would engage in conduct that directly violates the chapter of the TDCA to the detriment of the Plaintiff.

75. As alleged above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, TAMICA SMITH respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b); and

    f.    Award any other relief as the Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

76.    Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: July 7, 2023                                                                                                  Respectfully submitted,

                                                                                               **TAMICA SMITH**
                                                                                               By: */s/ Marwan R. Daher*
                                                                                               Marwan R. Daher, Esq.
                                                                                               Sulaiman Law Group, Ltd.
                                                                                               2500 S Highland Ave, Suite 200
                                                                                               Lombard, IL 60148
                                                                                               Telephone: (630) 575-8181
                                                                                               Fax: (630) 575-8188
                                                                                               mdaher@sulaimanlaw.com